E-FILED
Thursday, 28 July, 2011 12:34:15 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WINFORD BRYANT,
    Plaintiff,

vs.                                                           11-1061

DONALD GAETZ, et al,
    Defendants.

## CASE MANAGEMENT ORDER

    The Plaintiff has filed a motion to reconsider the court's March 29, 2011 Court Order dismissing his case for failure to prosecute with due diligence. [d/e 8]

    The Plaintiff filed his complaint on February 16, 2011, but did not pay the filing fee, nor did he file a motion to proceed *in forma pauperis*. On the same day, the court informed the Plaintiff that he could not proceed without the paying the filing fee immediately or filing a motion to proceed *in forma pauperis*. February 16, 2011 Text Order. The Plaintiff was provided the necessary forms and advised that if he did not take any action within 21 days, his case would be dismissed.

    The March 9, 2011 deadline came and went without any response form the Plaintiff. Therefore, on March 29, 2011, the court dismissed the Plaintiff's case for failure to prosecute with due diligence. *See* March 29, 2011 Court Order. The Plaintiff is asking the court to reconsider that decision. [d/e 8]

    A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment. *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995). Rule 59(e) motion "may only be granted if there has been a mistake of law or fact or new evidence has been discovered that is material and could not have been discovered previously." *Figgie Int'l, Inc. v. Miller*, 966 F.2d 1178, 1180 (7th Cir. 1992).

    A motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) "permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994). Such relief is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986).

    The court notes that judgment in this case was entered for the Defendants on March 29,

2011. Six days later on April 4, 2011, the Plaintiff filed a document entitled "Memorandum of Law" which argued that the Plaintiff did try to pay the filing fee on time. The document was not docketed as a motion, but a memorandum. [d/e 7]. Approximately one month later, the Plaintiff filed a motion for reconsideration making the same basic arguments. [d/e 8] Since the first document was received within the ten day deadline, the court will consider the motion pursuant to Rule 59.

The Plaintiff says he did request payment of the filing fee prior to the March 9, 2011 deadline. As proof, the Plaintiff has provided a copy of an "Offender Authorization for Payment" form in which it appears the Plaintiff requested that $350 dollars be sent to the court for payment of his filing fee. The document is marked received by prison officials on March 8, 2011. The Plaintiff then points to the "mailbox rule" established in *Houston v Lack*, 487 U.S. 266 (1988) which states that a prisoner's submissions to the court are deemed as "filed" on the date they are delivered to prison authorities for forwarding to the district court. The Plaintiff states any delay in receipt of that payment is not attributable to him.

The court notes that the Plaintiff's case was not dismissed until 20 days after the deadline, and still no payment had been received. In fact, it is now nearly five months after that deadline and the court has still not received the filing fee. Even though the Plaintiff's case was dismissed, he still must pay this fee and the court's dismissal order directed the Trust Fund Office to begin making payments when the Plaintiff had funds available in his account. *See* March 29, 2011 Court Order. No payments have been received.

The Plaintiff has demonstrated that he made a request for payment of the filing fee on March 8, 2011. However, there is no evidence before the court that the Plaintiff had $350 in his trust fund account at the time of his request. In fact, based on the lack of any payment, it would appear the Plaintiff did not have close to this amount. Therefore, the motions to reconsider are denied. [d/e 7, 8]. If the Plaintiff did have money for the entire filing fee in his account on March 8, 2011, he should refile his motion with a copy of his trust fund account balance from this time period.

**IT IS THEREFORE ORDERED that the Plaintiff's motions for reconsideration of the March 29, 2011 Court Order dismissing his case are denied. [d/e 7, 8]**

Entered this 28th Day of July, 2011.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE